# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VALERIE D. TATUM,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-0841-20-0082-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: May 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Valerie D. Tatum, Detroit, Michigan, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as barred under the doctrine of res judicata. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed an appeal of the July 17, 2019 final decision of the Office of Personnel Management (OPM) finding her ineligible for an annuity under the Federal Employees' Retirement System (FERS) because she had requested and received a refund of her contributions. Initial Appeal File (IAF), Tab 1 at 3, 7-8. The administrative judge found that the issue of the appellant's eligibility for a FERS annuity was fully litigated on the merits in a prior appeal in 2017, and that the decision in that appeal was final.[2] IAF, Tab 8, Initial Decision (ID) at 5-6. He dismissed the current appeal as barred by the doctrine of res judicata.[3] ID at 6. The initial decision informed the appellant that it would become final on March 3, 2020, unless a petition for review was filed by that date. ID at 6.

The appellant filed a March 24, 2020 petition for review and an April 24, 2020 supplement. Petition for Review (PFR) File, Tabs 1-2, Tab 3 at 1. The Clerk of the Board informed the appellant, among other things, that her petition for review of the January 28, 2020 initial decision was untimely filed because it was not received in the Clerk's office or postmarked on or before March 3, 2020. PFR File, Tab 3 at 2. The Clerk explained that the Board's regulation required the appellant to file a motion to accept the filing as timely and/or waive the time

---

[2] The administrative judge observed that in *Tatum v. Office of Personnel Management*, MSPB Docket No. CH-0841-17-0077-I-1, Initial Decision (Feb. 23, 2017), a Board administrative judge had ruled on the issues raised by the appellant in this appeal. IAF, Tab 3 at 1. That decision became the Board's final decision when neither party filed a petition for review. In an order in this appeal, the administrative judge set forth the doctrines of res judicata and collateral estoppel, and ordered the appellant to submit evidence and argument establishing jurisdiction over her appeal, and addressing whether it was appropriate to dismiss the appeal based on the appellant's 2017 appeal. *Id.* at 2-3. The appellant did not reply.

[3] Although the administrative judge initially wrote that she dismissed the appeal for lack of jurisdiction, she clarified later in the decision that the appellant established jurisdiction over her appeal, and that OPM's rescission of its final decision did not divest the Board of jurisdiction because OPM had made plain that it did not intend to issue a new decision. ID at 1, 4; IAF, Tab 7.

limit for good cause.[4]  *Id.*  The appellant filed a motion, "ask[ing] the Board to waive the time limit for good cause due to blindness and the COVID-19 virus." PFR File, Tab 6 at 1.  She provided contact information for her physicians and asserted that she would be sending "proof of blindness documents from [her] optometrist."  *Id.* at 2.  She also asserted that she had missed surgical appointments due to the coronavirus closing major offices and transportation "limiting [her] from getting to [her] destination."  *Id.*  With her reply to the agency's response, the appellant includes notes from a March 5, 2020 examination by a physician.  PFR File, Tab 7 at 2-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision.  *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e).  The date of a filing submitted by mail is determined by the postmark date.  5 C.F.R. § 1201.4(*l*).

The initial decision provided the appellant with notice that March 3, 2020, was the last day on which she could file a petition for review with the Board.  ID at 6.  The appellant does not allege that she failed to receive the initial decision or that she received it more than 5 days after it was issued on January 28, 2020.  On March 24, 2020, via the U.S. Mail, the appellant filed a document with the Clerk of the Board updating her mailing address, and asserting that her filing was late due to financial hardship and the COVID-19 virus.  PFR File, Tab 1 at 2.  That document did not address the merits of the appellant's appeal or allege error on the part of the administrative judge.  PFR File, Tab 1.  Nevertheless, the Clerk of the Board notified the appellant that the Board considered that March 24, 2020

---

[4] The agency filed a response to the appellant's petition for review.  PFR File, Tab 5.

filing as the appellant's petition for review, and her April 24, 2020 pleading as a supplement to her petition for review. PFR File, Tab 2, Tab 3 at 1. Thus, the appellant filed her petition for review 21 days late.

The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, as noted, the appellant filed her petition for review 21 days late. While she is pro se and that weighs in favor of finding good cause, the initial decision clearly placed her on notice of the filing deadline, and the 21-day filing delay is not minimal. *Bascom v. Department of the Navy*, 101 M.S.P.R. 53, ¶ 9 (2006) (finding a 17-day filing delay not minimal); *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004) (finding a 14-day delay not minimal). In addition, the appellant has not presented evidence of the existence of circumstances beyond her control or unavoidable casualty or misfortune that affected her ability to comply with the time limits.[5]

---

[5] Regarding the appellant's claim that financial difficulties caused her filing delay, the appellant has not explained this argument further. In any event, financial difficulties do not constitute good cause for an untimely petition for review. *Johnson v. Department of Veterans Affairs*, 64 M.S.P.R. 257, 259 (1994), *aff'd*, 56 F.3d 81 (Fed. Cir. 1995)

As noted above, the appellant cited her blindness and the coronavirus as the reason for the late filing of her petition for review. PFR File, Tab 6 at 1-2. To establish that an untimely filing was the result of an illness, the appellant must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The Clerk's notice informed the appellant of these requirements. PFR File, Tab 3 at 9 n.3.

However, the appellant's health problems do not constitute good cause for her untimely filing, because, as explained below, her medical evidence does not explain how her health problems prevented her from filing a timely petition for review. *See Alford v. Office of Personnel Management*, 108 M.S.P.R. 414, ¶¶ 10-11 (2008) (finding that a doctor's statement that the appellant was under his care did not establish good cause for her untimely petition for appeal based on illness, when the statement contained no explanation as to how the medical condition prevented the appellant from filing a timely appeal); *Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 10 (2007) (finding no good cause for an untimely petition for review because the appellant failed to show that she suffered from a medical condition that affected her at the time of the filing deadline or during the entire period of the delay); *Coleman v. U.S. Postal Service*, 91 M.S.P.R. 469, ¶ 10 (2002) (same).

The medical evidence the appellant submitted indicates that she was examined for age-related cataracts in both of her eyes on March 5, 2020. PFR File, Tab 7 at 2-4. The doctor's notes indicate that the appellant's vision has decreased over the past 5 years, but there is nothing therein, or elsewhere in the evidence, to indicate that the appellant experienced an acute episode concerning her vision that impeded her ability to file a petition for review during the time

_____

(Table).

between the issuance of the initial decision on January 28, 2020, and March 3, 2020, when that initial decision became the Board's final decision in this appeal. *Id.* Also, the appellant's medical evidence does not explain her subsequent failure to file her petition for review during the time between her medical appointment on March 5, 2020, and the date she filed her petition, March 24, 2020. Thus, the medical evidence fails to support the appellant's assertion that the delay in filing her petition for review was caused by her blindness. *See Alford*, 108 M.S.P.R. 414, ¶ 10; *Lacy*, 78 M.S.P.R. at 437.

As for the appellant's assertion that the shutdowns caused by COVID-19 and the coronavirus were responsible for her late filing, the chronology of events in the appellant's home state of Michigan do not support her assertion. The Governor of Michigan declared a State of Emergency due to the coronavirus on March 10, 2020, and she issued a statewide stay-at-home order limiting nonessential travel, effective March 24, 2020. Executive Order 2020-21, https://www.michigan.gov/whitmer/news/state-orders-and-directives/2020/03/23/executive-order-2020-21 (last visited May 15, 2024). Because those orders were issued after the March 3, 2020 filing deadline for the appellant's petition for review, they do not provide support for the appellant's contention that the shutdown of major offices and transportation caused the delay in filing her petition for review. PFR File, Tab 6 at 2.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the application of res judicata to the appellant's entitlement to a FERS annuity.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.